# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TIDIANE KONE,

        Petitioner,

    v.

ARNALDO HERNANDEZ,

        Respondent.

Case No. 3:25-cv-00312-SLG-MMS

## ORDER ON NOTICE OF REMOVAL

Before the Court at Docket 12 is pro se Petitioner Tidiane Kone's Notice of Removal. It appears that Petitioner is seeking to remove his pending state court criminal case, Case No. 3AN-18-04627CR, into this closed habeas case. A review of the Alaska Court System's Courtview indicates that on November 26, 2025, the Alaska Court of Appeals issued a Memorandum Opinion on appeal in that case and reversed and remanded Mr. Kone's application for post-conviction relief back to the state Superior Court.[1]

Mr. Kone's attempt to remove his pending state criminal case into this closed § 2254 case that is presently on appeal to the Ninth Circuit is without merit. A state criminal case cannot be removed to federal court under 28 U.S.C. § 1446, which applies only to the removal of pending state court civil actions to federal court. And

---

[1] *See* Memorandum Opinion, Court of Appeals No. A-14066.

the state post-conviction relief case cannot be removed under 28 U.S.C. § 1443(1). To remove a state criminal prosecution under § 1443(1), a two-part test applies.[2] First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"[3] "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice."[4]

Second, a petitioner must assert that the state court will not enforce that right to equal racial civil rights, and that allegation must be supported by reference to a state statute or state constitutional provision that purports to command state courts to ignore the federal rights.[5] Under § 1443(1), the vindication of a defendant's federal constitutional rights is "left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied."[6]

Petitioner fails to meet each part of this two-part test: he does not allege

---

[2] *Patel v. Del Taco, Inc.,* 446 F.3d 996, 998–99 (9th Cir. 2006) (identifying the necessary "two-part test").

[3] *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel,* 384 U.S. 780, 792 (1966)).

[4] *Id.*

[5] *Id. See also People of State of Cal. v. Sandoval,* 434 F.2d 635, 636 (9th Cir 1970); *City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 824–28 (1966).

[6] *Peacock,* 384 U.S. at 828.

Case No. 3:25-cv-00312-SLG-MMS, *Kone v. Hernandez*
Order on Notice of Removal
Page 2 of 3
Case 3:25-cv-00312-SLG-MMS    Document 16    Filed 02/06/26    Page 2 of 3

that the state criminal prosecution is a violation of his right to racial equality, and he fails to show that Alaska has a state statute or constitutional provision that denies him the opportunity to raise such a federal right in state court.

Further, even if there were some plausible basis for Plaintiff to remove his state criminal action to this Court, he was required to file the notice of removal "no later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier."[7] The State initiated the underlying criminal charges against Mr. Kone in 2012—approximately 14 years ago.

For the foregoing reasons, the purported Notice of Removal at Docket 12 is of no force and effect.

DATED this 6th day of February, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[7] *See* 28 U.S.C. § 1455(b)(1).

Case No. 3:25-cv-00312-SLG-MMS, *Kone v. Hernandez*
Order on Notice of Removal
Page 3 of 3
Case 3:25-cv-00312-SLG-MMS  Document 16  Filed 02/06/26  Page 3 of 3